FILED
U.S. DISTRICT COURT
 .  . OF GEORGIA
06 AUG 18 AM 10: 38
_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| GREGORY GILLILAN, | : | |
| Plaintiff | : | |
| VS. | : | |
| 3rd Shift Guards CANNON and RICHARDS, | : | NO. 1:06-cv-114 (WLS) |
| Defendants | : | **ORDER** |

Plaintiff **GREGORY GILLILAN**, a prisoner at Calhoun State Prison in Morgan, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a) (Tab # 1). Based on plaintiff's submissions, the Court finds that plaintiff is unable to pay the prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis*.

It is hereby **ORDERED** that plaintiff's custodian or his designee shall set aside twenty percent (20%) of all deposits made to plaintiff's trust fund account and forward those funds to the Clerk each time the amount set aside exceeds $10.00, until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). The Clerk of Court is directed to send a copy of this order to the business manager and the warden of the institution where plaintiff is incarcerated.

## I. STANDARD OF REVIEW

### A. 28 U.S.C. § 1915(e)(2)

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint

Gillilan et al v. Cannon                                                                                                   Doc. 4

the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

### B. General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. BACKGROUND

This is the ninth lawsuit filed by plaintiff in this Court since March of this year. In this complaint, plaintiff alleges that on July 6, 2006, third shift guards Cannon and Richards, in violation of Georgia prison regulations, fell asleep in the control room. As a result, they failed to provide plaintiff with a wake up call to "give a specimen" and to take his Hepatitis-C medication. Plaintiff provides no other detail whatsoever regarding this claim, including any allegations of injury.

## III. DISCUSSION

In ***Estelle v. Gamble***, 429 U.S. 97, 104 (1976), the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain'... proscribed by the Eighth Amendment." "Deliberate indifference" has three components: 1) subjective knowledge of a risk of serious harm; 2) disregard of that risk; 3) by conduct that is more than mere negligence. ***McElligott v. Foley***, 182 F.3d 1248, 1255 (11th Cir. 1999). The Supreme Court in ***Estelle*** determined that deliberate indifference may be shown by "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." ***Estelle***, 429 U.S. at 104-05.

Every claim by a prisoner that he has not received adequate medical treatment, however, does not state a violation of the Eighth Amendment. ***McElligott***, 182 F.3d at 1254. Mere allegations of negligence or malpractice do not amount to deliberate indifference. *See **Campbell v. Sikes***, 169 F.3d 1353, 1363-72 (11th Cir. 1999).

In the instant case, the conduct alleged by plaintiff does not amount to deliberate indifference. The two guards fell asleep on the job, apparently causing plaintiff to miss his pill call. Plaintiff's complaint, at most, shows negligence on the part of these defendants, which does not rise to the level of an Eighth Amendment violation. ***H.C. by Hewett v. Jarrard***, 786 F.2d 1080, 1086 (11th Cir. 1986). Moreover, plaintiff does not allege that he suffered any injury. *See* 42 U.S.C. § 1997e(e). The Court notes that plaintiff states that a judge of this Court ordered in ***Gillilan v. Ayers***, civil action number 1:05-cv-80 (WLS), that plaintiff be provided with his medication. This Court has reviewed said file and can find no such order.

*IV. CONCLUSION*

Based on the foregoing, the complaint against the defendants should be **DISMISSED** as being frivolous under 28 U.S.C. § 1915(e)(2).

**SO ORDERED**, this 17th day of August, 2006.

_____
W. LOUIS SANDS, CHIEF JUDGE
UNITED STATES DISTRICT COURT